7th of May, 1806. All the judges, except Brevard, J. were of opinion the motion should prevail. It was not pleaded in abatement that the cause of action was depending in equity; and if it had been pleaded the plea would be insufficient, because a party may pursue his remedy in both courts at the same time, if he can shew a good cause to maintain his suit in both. But he can recover in one court only; at any rate, the plaintiff having commenced his suit in equity, cannot preclude him from relinquishing that suit, and bringing an action at law for the same cause.
Brevard, J.
From the view of the case exhibited by the brief, 1 should be of opinion the nonsuit ought to be set aside; because I see no legal objection to the prosecution of a suit at law, notwithstanding the cause of action may be involved in a suit in equity. *71 At all events, if this object can be sustained at all, it can only be done by pleading in abatement, which was not done in this case. But it has been conceded by counsel on both sides, that the ground of action is the balance of an account for expenditures for the defendant while the ward of the plaintiff. If this is the case, I can see no purpose it .would answer to grant the present motion, for how could the plaintiff recover on such a cause of action ? Could the infant ward contract with his guardian? The plaintiff’s relief, it seems to me, must be in equity.
Waties, J., said the action would lie, because the relationship of guardian and ward was at an end. It must be admitted, the plaintiff would be relieved in equity ; if so, why send him there, if the action can be proved by legal evidence in a court of law ?